The next case today is Miguel A. Torres-Burgos v. Crowley Liner Services, Inc., Appeal Number 19-2083. Attorney Perez, please introduce yourself for the record and proceed with your argument. Good morning, Your Honors. My name is Frederick Pérez Caballero. I represent in this case, and I'll be arguing in favor of plenty of appellant, Miguel Torres-Burgos. At this time, I would like to reserve two minutes for rebuttal, if it's possible. Yes. Your Honors, this case revolves around the revision of an arbitrator's award, which confirmed the termination of Mr. Torres. The scope of this decision revolves around the CBA, the bargaining agreement, and Law 80, which is Puerto Rico's termination law, unlawful termination law. And the arbitrator, basically, in his decision, understood that he was bound by the collective bargaining agreement and by Law 80. Our contention is that although he identified those two sources by which he was bound, he knew what he had to do. He did not apply the CBA nor Law 80, as he should have done. The CBA establishes that, authorizes Crowley the summary dismissal of an employee that falsifies documents and or offers false information during work hours with the purpose of defrauding the company, Crowley, or its customers. The initial discharge letter to Mr. Torres stated that he explained that hiding the documents and deceiving your supervisor with the intent of making it seem that the work for which you are responsible was up to date constitutes an act of dishonesty. In the arbitration award, the arbitrator determined that the collective bargaining agreement provides for the summary dismissal of a person who is dishonest, as was the complainant when he lied to his supervisor. He also concluded that the conduct that gave rise to Mr. Torres' dismissal was proven. We're not going to contest that, and that's not the scope of our appeal. Although that was contested during the arbitration hearing, we're not going to contest that. Finally, the arbitrator concluded that the dismissal of the complainant was justified pursuant to the CBA, in effect, an applicable law. The applicable law is, of course, Law 80 and its case law. Finally, the arbitrator determined that lack of honesty constitutes just cause for dismissal under Puerto Rico's wrongful discharge statute. I'd like to point out that the arbitrator based that determination on a case that was decided by the Puerto Rico Supreme Court years before Law 80 was in effect. So, that determination should not be what the court had to take into consideration. The court had to take into consideration the CBA and apply Law 80 as using its language and its case law, as it's been clearly determined in Puerto Rico. We understand that we are bound by the decisions of this circuit regarding what is manifest regardless of the law. We understand that it is unfounded in reason and fact, based on reasoning so palpably faulty that no judge or group of judges ever conceivably makes such a ruling, or mistakenly based on crucial assumptions, that it is considerably a non-fact. So, are you saying that because the arbitrator didn't specifically find, with the purpose of defrauding his employer, didn't include that language in the decision, that we should interpret that as not being part of his finding? Yes, because the language of the CBA is very clear that the conduct has to be with the company. So, if the evidence showed that the company, by not daily reporting the car situation, would be subjected to spontaneous inspection and fines, if the evidence supports that that could be viewed as intending to defraud, why isn't that enough, that the evidence is there? We don't think that that evidence points to an intent of defrauding. We believe that... But suppose the arbitrator did, and we don't really question erroneous findings by an arbitrator that's part of your bargain for agreement, the arbitrator can be wrong and we still uphold an incorrect decision, or one we consider incorrect. Yes, because he had to specifically address that the conduct was with the purpose of defrauding the company. And that's where not only the language of the CBA comes into effect, but the applicability of law 80, which draws a specific path, which with the court, or in this case the arbitrator, had to analyze the facts of the case and the conduct to determine if termination was justified in this case. And that's where the decision lacks or is absent of any analysis regarding that. Basically, the arbitrator used the term dishonesty to frame his decision without complying with the language of the CBA, which stated that he had to address specifically whether that conduct had the intent of defrauding the company. And it's very revealing that a specific case that the arbitrator mentions, or cites, he says... Was there a request for any kind of reconsideration or clarification made to the arbitrator? I'm not sure if in this case there was a request for reconsideration. I would have to check that because I was not the attorney at the arbitration hearing, nor I was the attorney at the district court. But from what I've seen of the documents that were filed, there was no request for reconsideration. As I was saying, the arbitrator mentions that the case of Autoridad de Vecinos Públicos, which he uses a quote and says, A civilized society cannot neither legitimize lying nor elevate it to the rank of virtue. And we are in agreement of that quote. The problem we have is that that case, which deals specifically with a situation very similar to this, because it was a review of an arbitration award that was done in the state court. That's why the Puerto Rico Supreme Court made a decision. There, the Puerto Rico Supreme Court analyzed the falsification of a job application and whether such falsification constitutes just cause for dismissal. And there the court ruled and stated that it is an established principle in an employee-employer arbitration that the falsification of a job application in and of itself is not automatically a cause for dismissal. Arbitrators agree that falsification of work records or job applications justify a disciplinary sanction. Nevertheless, the employer must prove that the falsification constituted a deliberate act with the aim to defraud. The specific language we have here in this CBA, so. But so that that raises this on page nine of the arbitrator's decision. He says the list of reasons why an employee would be summarily terminated in the CBA include offering false information with the aim of defrauding the company or the customers of the company. That's at page nine. Then at page 10, it says the collective bargaining agreement provides for the summary dismissal of a person who is dishonest, as was the complainant when he lied to his supervisor. So I understand how you could seize on the word dishonest in that sentence and say that didn't say defrauding the company. But since on page nine, it specifically quotes from that standard and since lying to the supervisor here is an evidentiary matter, could support the findings of that level of defrauding. Why wouldn't it make sense to just read the language in context to be saying it satisfied the standard of the CBA? The arbitrator makes perfectly clear it knows that the CBA provides that you have to show defrauding in order to have a ground for summarily terminating. And then right after that says when he lied to the supervisor, it satisfied the CBA. So that's hardly the kind of thing that seems like a manifest disregard. No judge could reasonably read the opinion to have gotten it right. Because it was not the the arbitrator merely mentions what the what the CBA states, but he relied on on the definition of dishonesty. And I think the reading of the of the arbitration award reveals that he made no analysis nor no effort to determine whether there was actually an intent to defraud. And when you read the transcript of the hearing, it's manifested there. There was no there was no evidence presented to the to the to the arbitrator or in the hearing that there had been an intent to defraud. That was not an issue that was contested or presented in the arbitration hearing. And that is precisely the standard by which the the sanction had to be measured. Do you have any other questions? I think that would cover my argument for now. All right. Thank you, Mr. Perez. You've reserved some time. Thanks. And if you would mute your audio and video, we'll hear from Ms. Dulcides now. Certainly. Good afternoon, your honors. I'm Raquel Dulcides and I am counsel for Defendant Appley Crowley Liner Services. If I may, if it may please the court, I would like to start my argument by addressing one of the questions posed to Brother Counsel. Brother Counsel. Bases his argument in that the judge that the arbitrator did not find that there was an intent to defraud, which is the language in the collective bargain agreement. But I would like to make reference to decisions by this honorable court in the Ayala case making citing the Steelworkers Trilogy that established that a mere ambiguity in the opinion which permits an inference that arbitrator may have exceeded his authority is not reason to vacate an award. There's case law like Keebler also from this circuit that establishes that the arbitrator does not have to use the exact same words as the collective bargaining agreement. And the arbitration award clearly establishes that dishonesty in the shop of Crowley, which was negotiated with the Teamsters Union, has been used to terminate employees under the section of the collective bargain agreement of offering false information with the intent to defraud. This is a case of a dishonest employee. He provided false information to his supervisor to deceive him into believing that his work was up to date. When it wasn't, he had hidden 96 embarkment documents in the drawer of his desk under papers. It constituted three days of work, which he had not entered into Crowley's system. Because of this, the supervisor asked him if his work was up to date, and he said that it was. Torres' job is very important. He's an office clerk at the car division. He has to enter into the Crowley system all the information of embarkment and received. He has to enter that into the Crowley system because he has to maintain an exact inventory of what is in the Crowley yard. And this is important because you have the U.S. Customs, the Puerto Rico police, and the Treasury Department of Puerto Rico who monitor the receipt and the embarkment of vehicles. If it's not up to date, the inventory, these agencies could fine Crowley. So because he had been dishonest, he had deceived his supervisor by hiding the documents, the company decided to terminate him based on the collective bargaining agreement, which allowed the company to terminate the employment of an employee who, in the course of his employment, would provide false information to commit fraud against the company. The case went to arbitration, and the arbitrator permitted the company to present their evidence. Also, Torres testified, he cross-examined Crowley's witnesses, he presented a witness, and his whole theory was that there was a conspiracy against him, that he did not hide those documents. The arbitrator listened to his testimony and did not give credence to his testimony that there was a conspiracy. Torres could not even point out to one person who wanted to do harm to him. As a matter of fact, he testified that both his supervisor and the HR manager were very serious persons and very meticulous with their job, and he did not think they had anything to harm him. Was there any evidence of financial loss to the company? Not in this case, Your Honor, because since the company was able to catch the situation in time, both government agencies did not intervene. Was there any evidence of financial loss that could have occurred? There was testimony that these agencies could fine the company if the inventory was not up to date. Was there any evidence of financial gain to the employee? No, Your Honor, there was no financial gain to the employer. Was an argument or evidence presented in terms of his continuing to receive salary or wages without doing the work? Was there any evidence of that sort? Well, Your Honor, he received the wages for his whole day of work, but he did not do his work. He did not enter the information into the system. Were those two facts entered into evidence? The fact that he did not complete his job that day, yes, Your Honor. And the fact that he received wages or salary? Yeah, there was no question of whether he was paid or not his salaries that day, Your Honor. Thank you. You're welcome. So anyway, what Brother Counsel or Torres, I must say, is trying to do is exactly what courts are not allowed to do in questioning arbitration award. He is questioning the determinations of fact and law of the arbitrator. And he mentions the case that the arbitrator cited, which is Mercedes bus lines, which is a case of the 1940s. And it was decided under the precursor of Law 80. But under the Mercedes bus line case, there was a law that prohibited terminations without just cause. And I must say that Mercedes bus line is still cited by the Supreme Court of Puerto Rico. He also makes reference to the case of edificios publicos. He cites it as controlling. And the Supreme Court of Puerto Rico there at the beginning explains arbitral precedent, things like that. But the court concludes that offering false information in the employment application is a serious offense. And the court vacated the arbitration award that had determined that the determination was without just cause. So the court, the Supreme Court of Puerto Rico, in analyzing Law 80 and the facts of that case determined that the termination was with cause and vacated the award. The court, the arbitrator also made reference to other Puerto Rico Supreme Court cases analyzing Law 80, which without a doubt of a shout, without any doubt, prove that you can terminate a person with cause, even if it's a first offense. So this case in appeal really draws the arbitrator's decision, draws the essence from the collective bargain agreement between Crowley and the union. The arbitrator did not impart his own brand of industrial justice. He constructed the contract within the scope of his authority. The district court properly confirmed the arbitration award. Therefore, it is very respectfully from this court to affirm the district court's decision. I would be ready for any further questions. Thank you, Ms. Dulceres. If you would mute your video and audio now, we'll hear from Mr. Perez for two minutes of rebuttal. May it please the court. This is attorney Senator Will Perez on behalf of Mr. Torres. I'll briefly address several of the search council's arguments. She mentions that Crowley has upheld arbitration awards wherein the arbitrator has used the dishonesty argument for summarily terminating an employee. However, there has been no evidence presented that our argument was contested or that argument was rejected. Our argument that the arbitrator had to determine that there had been an intent to defraud. And regarding that intent to defraud and your questions to sister council. In our first turn, we had said that we were not contesting the conduct, although it had been contested during the arbitration hearing. But there was no evidence presented by a company during the hearing that Mr. Torres was not working during those hours that he presented to work. And. Many inferences can be made regarding that an inference that he was slower than other employees. But no, there was no evidence presented as to the fact that he was not working, that he was doing something else, that he was that he left his his desk or wherever he work to do something else or to rest or to go to his car to sleep. That was not an issue in the in the hearing. And regarding the sister council's last argument regarding that, the Supreme Court has upheld that a first offense may be a reason or a termination for the first offense and be upheld. Of course, the Supreme Court has decided that, but Supreme Court has it very clear that. It does not favor those terminations that there still has to be an analysis of whether the conduct was so serious that it that it merited or. Or that determination for the first offense was valid. And in this case, the CBA draws the line regarding the summary termination, which is summary termination for. With the intent of the fraud in the company, with the purpose of the fraud in the company offering false information, we're not contesting that that that his conduct was not serious. What we are contesting is that. In order to be able to summary terminate him. The there had to be an intent to the fraud, and thank you, counsel. That was not an issue here. We'd like to thank both counsel in this case, and we'd like to thank all counsel who presented today for their arguments. Thank you very much. That concludes arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect from the hearing.